Send
FILED
CLERK, U.S DISTRICT COURT
MAY 31 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATEMAN, <br><br> Plaintiff, <br><br> v. <br><br> REGAL CINEMAS, INC. et al., <br> Defendants. | Case No. CV 07-0052 ODW (FMOx) <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |



DOCKETED ON CM
MAY 31 2007
BY            015

I.   FACTUAL BACKGROUND

This is a case involving the Fair and Accurate Credit Transactions Act ("FACTA"). Congress added FACTA to the Fair Credit and Reporting Act ("FCRA") to reduce the risk of identity theft by disclosure of credit or debit card information. Towards this end, FACTA makes it unlawful to print either the card expiration date or more than the last five digits of the card number on a credit or debit card receipt.

Plaintiff contends that Defendant willfully printed receipts with prohibited information at many of its movie theater locations through a

centralized electronic payment system. Under the remedial provision of the FCRA applicable to FACTA, 15 U.S.C. §1681n, Plaintiff seeks statutory damages of $100 to $1,000 per violation of FACTA and also seeks to maintain a class action under Fed.R.Civ.P. 23.

In its initial answer, Defendant asserted thirty-two affirmative defenses. In its amended answer (filed after the parties met and conferred) Defendant now asserts nineteen affirmative defenses. Plaintiff now moves to strike all of the affirmative defenses repleaded by Defendant because, as a matter of law, they do not suffice. Plaintiff claims that Defendant's affirmative defenses suffer from one or more of the following defects: 1) they do not constitute "affirmative" defenses, but merely controvert Plaintiff's allegations; 2) they have no bearing on Plaintiff's claim for statutory damages under FACTA; and/or 3) they merely recite legal doctrine without any supporting factual allegations, thus leaving Plaintiff without "fair notice" of the basis for the defense.

## II.  LEGAL STANDARD

### A.  Rule 12(f)

A party may move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored because of the liberality of notice pleading in federal practice, and because "they are often used as a delaying tactic." Neilson v. Union Bank, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Accordingly, courts often require a showing of prejudice by the moving party" before granting the requested relief. Sec. & Exch. Comm'n v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

The decision of whether to grant a motion to strike lies within the sound discretion of the Court. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds; Fogerty v. Fantastic, Inc., 510 U.S. 517 (1994). In considering a motion to strike, the Court views the pleadings in the light most favorable to the non-moving party. In re 2TheMart.com Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

### B. Affirmative Defenses

"Affirmative defenses are governed by the same pleading standard as complaints." Qarbon.com, Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004). Rule 8(b) provides, "[a] party shall state in short and plain terms the party's defenses to each claim asserted..." Like complaints, affirmative defenses must give plaintiff "fair notice" of the defense being advanced. Id. (quoting Wyshak City v. National Bank, 607 F.2d 824, 827 (9th Cir. 1979)).

### III. ANALYSIS

Plaintiff argues that Defendant's Affirmative Defenses 1, 3, 7, 8, 11, 13, 14, 15, 16, 17, 18, and 19 do not constitute affirmative defenses in that they controvert the validity of Plaintiff's claims or the ability of Plaintiff to establish a prima facie case. This Court has held that the "affirmative defense" of failure to state a claim "is not an affirmative defense that must be pled or waived . . . [A] defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law." Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005). Plaintiff's motion to strike Affirmative Defense One (1) falls squarely within the

precedent set by this Court in Quintana and thus Plaintiff's Motion to Strike the First Affirmative Defense is GRANTED.

However, in Quintana, the Court went on to state that "an argument that goes to the merits of the defense...should not be addressed on a motion to strike." Quintana, 233 F.R.D. 562, at 564. Further, Rule 8(c) states that "when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." Fed.R.Civ.P. 8(c). The other Affirmative Defenses challenged by Plaintiff are not clearly improper affirmative defenses. Thus, given the permissive pleading standard, the disfavored status of motions to strike, and the general spirt of Rule 8(c), Plaintiff's Motion to Strike Affirmative Defenses 3, 7, 8, 11, 13, 14, 15, 16, 17, 18, and 19 is DENIED.

Plaintiff also moves to strike Affirmative Defenses 2, 6, 9, and 10 on the grounds that they have no relevance to Plaintiff's claims. However, a "matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether, under any contingency, the matter may raise an issue, the motion may be denied." Wailua Assocs. v. Aetna Ca. & Sur. Co., 183 F.R.D. 550, 553-54 (D.Haw 1998). Given the permissive standard for pleadings and the disfavored status of motions to strike, Plaintiff's Motion to Strike Affirmative Defenses 2, 6, 9, and 10 is DENIED.

Plaintiff further moves to strike Affirmative Defenses 4, 5, and 12 on the grounds that they lack specificity or factual basis and thus fail to give Plaintiff fair notice. Defendant's Affirmative Defenses contain short, plain statements of the claims, sufficient facts, and cognizable legal

theories. Given the disfavored status of motions to strike and Plaintiff's failure to show prejudice, Motion to Strike Affirmative Defenses 4, 5, and 12 is DENIED.

IV. CONCLUSION

Accordingly, and for the reasons discussed above, Plaintiff's Motion to Strike the First Affirmative Defense is GRANTED and Plaintiff's Motion to Strike all other Affirmative Defenses is DENIED.

IT IS SO ORDERED.

Dated: May 29, 2007

Hon. Otis D. Wright II
United States District Judge